**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01435-REB-CBS

DAVID LaRIVIERE and LAURA LaRIVIERE, as Guardians and Next Friends of O.L. a minor,

    Plaintiffs,

v.

HOME DEPOT U.S.A., INC.,
    Defendant.

## ORDER GRANTING PETITION TO SETTLE BODILY INJURY CLAIM OF O.L.

**Blackburn, J.**

    The matters before me are (1) **Plaintiff's Submission of Proposed Order Approving the Proposed Bodily Injury Settlement for the Minor Plaintiff O.L.; or in the Alternative Request for Status Conference To Be Set Requesting a Hearing for Approval** [#30][1],1 filed January 11, 2013; and (2) plaintiff's **Motion Requesting a Hearing for Approval of the Proposed Bodily Injury Settlement for the Minor Plaintiff O.L.** [#27], filed December 18, 2012. I grant the motion to approve the parties' proposed settlement and deny the requests for a status conference and hearing as moot.

    I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Plaintiffs, as guardians and next friends of their minor daughter, filed this

---

[1] "[#30]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

action for damages she sustained while shopping with her parents at defendant's store in Fort Collins, Colorado. The court appointed a guardian ad litem for O.L. on October 24, 2012. (See Order [#23], filed October 24, 2012.)

The parties advise the court that they have reached a settlement of plaintiffs' claims. The guardian ad litem avers that the settlement is in the best interests of O.L. (*See Guardian Ad Litem's* **Report to the Court** [#24], filed November 26, 2012 [sealed].) Having reviewed the motions and the report of the guardian ad litem, and thus being fully advised of the premises for the motions, I find and conclude that the parties' proposed settlement is in the best interests of the minor child, O.L., and should be approved and adopted as an order of this court.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Submission of Proposed Order Approving the Proposed Bodily Injury Settlement for the Minor Plaintiff O.L.; or in the Alternative Request for Status Conference To Be Set Requesting a Hearing for Approval** [#30], filed January 11, 2013, is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. That the motion is **GRANTED** insofar as it seeks approval of the settlement reached by the parties; and

   b. That the motion is **DENIED AS MOOT** to the extent is seeks a status conference to set a hearing on the matter;

2. That plaintiff's **Motion Requesting a Hearing for Approval of the Proposed Bodily Injury Settlement for the Minor Plaintiff O.L.** [#27], filed December 18, 2012, is **DENIED AS MOOT**;

3. That David LaRiviere and Laura LaRiviere, as guardians and next friends of O.L., are **AUTHORIZED** to settle O.L.'s bodily injury claim for the present value sum of Seventy Thousand Seven Hundred Fifty and 00/100 dollars ($70,750.00) for the minor child, O.L., to be paid by Home Depot USA, Inc., on behalf of and to release Home Depot USA, Inc., from said claim, and to dispose of the net proceeds of the settlement as follows:

    a. An immediate payment of $70,750.00 by Home Depot USA, Inc. which shall be made payable in two checks:

        (1) $37,575.03, payable to MetLife Tower Resources Group, Inc., to provide the periodic payments to O.L. (Payee), to be made according to the Schedule of Payments as follows (the "Periodic Payments"):

            (a) $10,000.00 guaranteed lump sum payable on 10/09/2027;
            (b) $20,000.00 guaranteed lump sum payable on 10/09/2029;
            (c) $33,260.00 guaranteed lump sum payable on 10/09/2033;

        (2) Assignment: Home Depot USA, Inc.'s, obligation to make the periodic payments described herein shall be assigned to MetLife Tower Resources Group, Inc., through a Qualified Assignment and funded by an annuity contract issued by Metropolitan Life Insurance Company, rated A+XV by A.M. Best. To fund the periodic payments, Home Depot USA, Inc., will issue a check in the amount of $37,575.03, payable to MetLife Tower Resources Group, Inc.;

    b. $33,174.97, payable to David LaRiviere and Laura LaRiviere as parents and next friends of O.L., a minor child, and their attorneys, Anderson, Hemmat & McQuinn, LLC, allocated as follows:

        (1) Attorney's Fees: $22,666.67 (33a% of $68,000);
        (2) Costs: $2,400.48;
        (3) Medical Bills: $6,107.82; and
        (4) Amount to Guardians: $2,000.00;

4. That on completion of the payments of the above amounts, or, with respect to only the future periodic payments listed above and execution of the Qualified

Assignment Agreement, Home Depot USA, Inc., **SHALL BE DISCHARGED** from any claim that said minor and/ or her parents had or might have against it; and

5. That this action is **DISMISSED**.

Dated January 23, 2013, at Denver, Colorado.

**BY THE COURT:**

*[signature: Bob Blackburn]*

Robert E. Blackburn
United States District Judge